USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG – 6 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

U.S. Commodity Futures Trading Commission,              )        03 CV 9126 (GBD)
                                                        )
                           Plaintiff,                   )
                                                        )
                    v.                                  )
                                                        )
Walter, Scott, Lev & Associates, LLC,                   )
Michael Ross,                                           )
Maxim Yampolsky,                                        )        **CONSENT ORDER OF**
Edward Sapienza, Jr.,                                   )        **PERMANENT INJUNCTION,**
Frank Schiavone,                                        )        **CIVIL MONETARY PENALTY,**
Michael Korobov, and                                    )        **AND OTHER EQUITABLE RELIEF**
Boris Shuster, a/k/a/ Robert Shuster.                   )        **AGAINST MICHAEL ROSS**
                                                        )
                    Defendants, and                     )
                                                        )
Michael Edwards Trading Group, Ltd.,                    )
JSG Freight Systems, Inc.,                              )
Shuster, Shuster & Shuster, Ltd.,                       )
BLJ Consulting, Inc.,                                   )
Winn Industries Division of Ontario, Limited            )
(1430214 Ontario, Limited), and                         )
The Fuzzy Group, Inc.,                                  )
                                                        )
                    Relief Defendants.                  )
_____

## CONSENT ORDER OF PERMANENT INJUNCTION,
## CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF
## AGAINST DEFENDANT MICHAEL ROSS

**1.**

On November 18, 2003, Plaintiff, U.S. Commodity Futures Trading Commission ("Commission"), filed a Complaint against Walter, Scott, Lev & Associates, LLC ("WSL"), Michael Ross ("Ross"), and others (collectively, "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and the Commission Regulations ("Regulations") promulgated thereunder, 17

C.F.R. §§ 1 et seq. (2004). The Court entered an *ex parte* statutory restraining order on November 18, 2003 that, among other things, froze all assets belonging to or related to Defendants and ordered the maintenance of and access to business records. On August 26, 2004, the Court entered a preliminary injunction against Ross.

## II.   CONSENT AND AGREEMENT

To effect settlement of the matters alleged in the Complaint against Ross without a trial on the merits or any further judicial proceedings, Ross:

1.   Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief and a Civil Monetary Penalty against Ross ("Order").

2.   Affirms that he has read this Order and agrees to this Order voluntarily, and that no promises or threats have been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3.   Acknowledges service of the Summons and Complaint.

4.   Admits jurisdiction of this Court over him, admits that the Court has subject matter jurisdiction over this action, and admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

5.   Waives:

   (a) all claims that he may possess under the Equal Access to Justice Act (EAJA),
       5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000) and Part 148 of the
       Regulations, 17 C.F.R. § 148.1, et seq. (2004), relating to, or arising from, this
       action;

   (b) the entry of findings of fact and conclusions of law in this action as provided
       by Rule 52 of the Federal Rules of Civil Procedure, except as provided below
       in Part III of this Order;

2

> (c) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

> (d) all rights of appeal in this action.

6.      Does not consent to the use of this Order in any other proceedings other than those to which the Commission is a party. However, no provision of this Order shall in any way limit or impair the ability of any person, including third-party beneficiaries, to seek any legal or equitable remedy against Ross or any other person in any other proceeding, including any current or subsequent bankruptcy proceeding.

7.      By consenting to the entry of this Order, Ross neither admits nor denies any of the findings made in this Order or the allegations contained in the Complaint, except as to jurisdiction and venue, which he admits. However, the Defendant agrees that the allegations of the Complaint and all of the findings made by this Court and contained in Section III of this Order shall be taken as true and be given preclusive effect, without further proof, for the purpose of any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Ross or to enforce the terms of this Order.  Ross also shall provide immediate notice of any bankruptcy filed by, on behalf of, or against him in the manner required by Part V of this Order.

8.      Agrees that neither he nor any of his agents or employees acting under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation of the Complaint or findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Ross's (i) testimonial obligations; or (ii) right to take legal, factual or equitable positions in other proceedings to which

3

the Commission is not a party. Ross shall take all necessary steps to ensure that all of his agents and employees understand and comply with this agreement.

9.     Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

10.    The Court, being fully advised of the facts, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law, a permanent injunction and ancillary equitable relief pursuant to § 6c of the Act, 7 U.S.C. § 13 a-1 (2002), as set forth herein.

## III.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.    Findings of Fact

1.     The Commission is an independent federal regulatory agency charged with the responsibility of administering and enforcing the provisions of the Act and Regulations promulgated thereunder.

2.     WSL was a New York limited liability company organized in 1998 with an office at 90 John Street, Suite 407, New York, New York 10038. It has never been registered with the Commission in any capacity. In addition, WSL was not a financial institution, a futures commission merchant ("FCM"), an affiliate of a FCM, a broker or dealer, an associated person of a broker or dealer, an insurance company, a regulated subsidiary of an insurance company, a financial holding company, or an investment bank holding company.

3.     Ross, who went by the nickname "Spot," was one of the creators of WSL. Ross was President and Chief Executive Officer of WSL and a signatory on all WSL bank accounts. Ross has never been registered with the Commission in any capacity.

4.      From at least January 1999 to at least April 2002 ("relevant time period"), Ross and others solicited customers to purchase foreign currency futures contracts. On certain dates during the relevant time period, Ross made misrepresentations to customers about the foreign currency investments in their accounts that were, in fact, illegal off-exchange foreign currency futures contracts. Ross intentionally made fraudulent misrepresentations with respect to the actual trading of much of the funds, which Ross knew or should have known would be relied upon by many customers in forwarding funds to be applied to foreign currency trading investments. Many customers did, in fact, rely upon the misrepresentations made by Ross in their decision to invest these funds. Further, instead of actually trading all of the clients' funds, Ross and others misappropriated $6,800,951 obtained from customers and misled investors with false monthly account statements showing considerable profits. Ross then falsely notified customers that alleged catastrophic trading losses had wiped out their funds.

5.      Ross did not conduct the purported foreign currency futures transactions on or subject to the rules of a board of trade that has been designated by the Commission as a contract market, nor were Ross's transactions executed or consummated by or through a contract market. Ross did not conduct transactions on a facility registered as a derivatives transaction execution facility.

**B.      Conclusions of Law**

1.      With the aforementioned practices, Ross violated Sections 4(a) and 4b(a)(2) of the Act, 7 U.S.C. §§ 4(a) and 6b(a)(2) (2002), and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2004).

2.      This Court has subject matter jurisdiction over this action and the allegations in the Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

3.    This Court has personal jurisdiction over Ross pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

4.    Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5.    There is good cause for entry of an order permanently enjoining Ross from engaging in future violations of the Act and Commission Regulations, requiring Ross to pay a civil monetary penalty in the amount of $240,000, and for the other equitable relief stated in this Order.

## IV.    ORDER FOR PERMANENT INJUNCTION

### IT IS THEREFORE ORDERED THAT:

1.    Ross is permanently restrained, enjoined and prohibited from directly or indirectly:

A.    Cheating or defrauding or attempting to cheat or defraud other persons, or willfully making or causing to be made to another person any false report or statement thereof, or willfully entering or causing to be entered for another person any false record thereof, or willfully deceiving or attempting to deceive another person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed with respect to any order or contract for another person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for:

> (1)    hedging any transaction in interstate commerce in a commodity or the products or byproducts thereof;
>
> (2)    determining the price basis of any transaction in interstate commerce in such commodity; or
>
> (3)    delivering any commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

in violation of Section 4b(a)(2) of the Act , 7 U.S.C. § 6b(a)(2) (2002) and Section 1.1(b) of the Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §1.1(b) (2004); or

6

B. Offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions for the purpose of soliciting, accepting any order for, or otherwise dealing in, any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a)(2002).

2. Ross is further permanently restrained, enjoined and prohibited from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

A. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

B. Soliciting , receiving, or accepting any funds in connection with the purchase or sale of any commodity interest contract;

C. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

E. Entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and/or

F. Engaging in any business activities related to commodity interest trading.

3. The injunctive provisions of this Order shall be binding on Ross, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Ross, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Ross.

7

## V.   ORDER FOR CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF

### IT IS FURTHER ORDERED THAT:

1.   Restitution:  Ross's violations of the Act and Regulations merit the award of significant restitution.   However, the Court recognizes that Ross is already subject to a $6,800,951 criminal judgment restitution obligation entered in *U.S. v. Ross, et al.*, S.D.N.Y. Docket No. 03 Cr. 01306-02 (DLC) ("criminal restitution obligation") for the misconduct at issue in this civil action.  Because the criminal court imposed restitution to Ross's defrauded customers, the Court is not ordering additional restitution.

2.   Civil Monetary Penalty:  Ross shall pay a civil monetary penalty of $240,000, plus post-judgment interest.  Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.  Ross shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, Ross shall make the payment payable to the U.S. Commodity Futures Trading Commission, and send to the following address:

> U.S. Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Marie Bateman. - AMZ-300
> DOT/FAA/MMAC
> 6500 S. Macarthur Blvd.
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Ross shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Ross shall accompany the payment of the penalty with a cover of a letter that

8

identifies Ross and the name and docket number of this proceeding. Ross shall simultaneously transmit copies of the cover letter and the form of payment to (1) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway. 19th Floor. New York, NY 10005, and (2) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and (3) Chief, Office of Cooperative Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581.

3.      Partial Payments: Any acceptance by the Commission of partial payment of Ross's civil monetary penalty obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

4.      Cooperation: Ross shall fully cooperate with and assist the Receiver and the Commission in this proceeding. Such cooperation shall include, but not be limited to (1) responding promptly, completely, and truthfully to any inquiries or requests for information: (2) authenticating documents; (3) testifying completely and truthfully; (4) not asserting privileges under the Fifth Amendment of the United States Constitution: (5) transferring or repatriating Ross's funds and (6) producing any password required to access any electronic files in any medium of Ross or WSL.

5.      Collateral Agreements: Ross shall immediately notify the Commission if he makes any agreement with any investor/creditor obligating him to make payments outside of this Order. Ross shall also provide immediate evidence to the Court and to the Commission of any payments made pursuant to such agreement.

9

6.    Notices: All notices required to be given by any provision in this Order shall be

sent by certified mail, return receipt requested, as follows:

Notice to Commission:

> Regional Counsel
> Division of Enforcement - Eastern Regional Office
> U.S. Commodity Futures Trading Commission
> 140 Broadway, 19th Floor
> New York, NY 10005

Notice to Defendant:

> Mr. Michael Ross
> c/o Michael Koblenz, Esq.
> Mound, Cotton, Wollan & Greengrass
> One Battery Park Plaza
> New York, NY 10004

Notice to Court-appointed Receiver:

> Brian Rosner, Esq.
> Court-appointed Receiver
> Rosner & Napierala, LLP
> 26 Broadway, 22nd floor
> New York, NY 10004-24424

> Copy to:
> Natalie Napierala, Esq.
> Counsel to Brian Rosner, Receiver
> Rosner & Napierala, LLP
> 26 Broadway, 22nd floor
> New York, NY 10004-24424

7.    Entire Agreement and Amendments: This Order incorporates all of the terms and

conditions of the settlement between the Commission and Defendant Ross. Nothing shall serve

to amend or modify this Order in any respect whatsoever, unless (1) reduced to writing; (2)

signed by all parties hereto; and (3) approved by order of this Court.

10

8.    This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

9.    There being no just cause for delay, the Clerk of the Court shall enter judgment against Defendant Ross forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: _____    5 2008

UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:    **HON. GEORGE B. DANIELS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. COMMODITY FUTURES TRADING COMMISSION
Attorney for Plaintiff U.S. Commodity Futures Trading Commission

By: _____
Sheila L. Marhamati (SM-8016)
140 Broadway, 19th Floor
New York, New York 10005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEFENDANT MICHAEL ROSS

By: _____
Michael Ross

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOUND, COTTON, WOLLAN & GREENGRASS
Attorney for Defendant Michael Ross

By: _____
Michael Koblenz, Esq. (MK-    )
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

Brian Rosner, Esq.
Receiver

By: _____
Heather J. Haase, Esq. (HH-0222)
Counsel for Brian Rosner, Receiver
Rosner & Napierala, LLP
26 Broadway, 22nd floor
New York, NY 10004-24424

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. Commodity Futures Trading Commission,<br>Plaintiff,<br>v.<br>Walter, Scott, Lev & Associates, LLC,<br>Michael Ross,<br>Maxim Yampolsky,<br>Edward Sapienza, Jr.,<br>Frank Schiavone,<br>Michael Korobov, and<br>Boris Shuster, a/k/a/ Robert Shuster,<br>Defendants, and<br><br>Michael Edwards Trading Group, Ltd.,<br>JSG Freight Systems, Inc.,<br>Shuster, Shuster & Shuster, Ltd.,<br>BLJ Consulting, Inc.,<br>Winn Industries Division of Ontario, Limited<br>(1430214 Ontario, Limited), and<br>The Fuzzy Group, Inc.,<br>Relief Defendants. | 03 CV 9126 (GBD)<br><br><br><br>**DECLARATION OF SERVICE** |

I, Sheila Marhamati, counsel to Plaintiff, Commodity Futures Trading Commission, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 22, 2008, I caused copies of the Consent Order of Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief against Defendant Michael Ross to be served on the individuals and entities listed below, by causing the aforesaid document to be delivered via United States Postal Service, affixed with sufficient postage, wrapping, and labeling for First Class Mail, addressed as follows:

Alan Futerfas, Esq.
*Counsel to Boris Shuster, a/k/a Robert Shuster*
260 Madison Avenue, 22nd Floor
New York, NY 10016

Michael Koblenz, Esq.
Mound, Cotton, Wollan & Greengrass
*Counsel to Michael Ross*
One Battery Park Plaza
New York, NY 10004

Boris Shuster
Inmate Register # 71065-053
FCI Fort Dix
Federal Correctional Institute
PO Box 2000
Fort Dix NJ 08640

Dated:  New York, NY
      July 22, 2008

Heather Haase, Esq.
Rosner & Napierala, LLP
*Counsel to Court-appointed Receiver*
26 Broadway, 22nd floor
New York, NY 10004-2442

Sheila Marhamati, Esq.

2